**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THURMAN L. ROWE,

      Plaintiff-Appellant,

v.

GRAND RIVER DAM AUTHORITY,

      Defendant-Appellee.

No. 00-5253
(D.C. No. 99-CV-633-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

  *    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Thurman L. Rowe, proceeding pro se on appeal, appeals the district court's grant of summary judgment in favor of defendant on his claims of race discrimination, retaliation and failure to accommodate his disability. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff, an African-American, was employed by defendant. He alleges he was denied promotions on the basis of his race and he was retaliated against for seeking promotions. He also claims that defendant failed reasonably to accommodate his disability resulting from a heart attack, pursuant to the Americans with Disabilities Act. *See* 42 U.S.C. § 12111(9).

Plaintiff maintains defendant denied him four positions on the basis of race. The district court determined that he had failed to establish a prima facie case as to two of the positions and he had not shown that one position existed. For the remaining position, it held that plaintiff had not demonstrated that defendant's nondiscriminatory reason--that a more qualified person was promoted--was unworthy of belief. The district court also held that the plaintiff's evidence of retaliation and failure to accommodate a disability was inadequate to withstand summary judgment. Accordingly, the district court entered summary judgment in favor of defendant. Plaintiff appeals, arguing that the district court's findings are contrary to the evidence.

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). Because plaintiff is representing himself on appeal, his pleadings will be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. Applying the standards set out above, for substantially the same reasons as those given by the district court in its order dated May 15, 2000, entered on the docket on May 16, 2000, we affirm the summary judgment entered in favor of defendant.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

John C. Porfilio
Circuit Judge